UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

FILED
JUL 10 2006
T.S. McGREGOR, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:  ) No. 05-10878-JAR 7
)
LINDSAY D. KOOSER & ) 
PATRICIA M. KOOSER, ) MEMORANDUM
) DECISION
Debtors. )

In this case, the debtors have filed a response to the trustee's objection to the debtors' claim of exemptions. The debtors' response states that the trustee's objection was not timely delivered or mailed to the debtors and the debtors' attorney. Here, the first meeting of creditors was held on January 27, 2006. The trustee's objection to the debtors' claim of exemptions was filed on February 26, 2006. On April 24, 2006, the trustee sent a copy of the objection to the debtors' attorney. The trustee sent a copy of the objection to the debtors on May 30.

FRBP 4003(b) states that an objection to a claim of exemptions may be filed only within 30 days after the first meeting of creditors. It further states that copies of the objection shall be delivered to the debtor and the debtor's attorney. The rule is clear that the objection must be filed within the 30-day time limit. The rule is also clear that the objection must be delivered or mailed to the debtor and the debtor's attorney. What is less clear, and at issue here, is what happens when the objection is timely filed but not mailed or delivered to the debtor and the debtor's attorney for some time thereafter—outside the 30-day time limit.

The trustee has suggested that because FRBP 4003 does not provide a time line for delivering or mailing the objection to the debtor and the debtor's attorney, there is no time line. The trustee notes that FRBP 4003 is derived from former bankruptcy rule 403. Under former rule 403, the trustee had 15 days from the date of the trustee's qualification to file a report, which could include an objection to the debtor's claim of exemptions. The debtor could object to the trustee's report, provided the debtor objected within 15 days after the filing of the report. Obviously, it was important that the debtor be notified regarding the filing of the report. Consequently, former bankruptcy rule 403 mandated that the trustee forthwith mail and deliver copies of the report to

MEMORANDUM DECISION - 1

05-10878-FLK7    Doc 33    Filed 07/10/06    Entered 07/10/06 14:37:03    Pg 1 of 5

the debtor and the debtor's attorney.

FRBP 4003 changes the thrust of the former rule by making it the burden of the debtor to list the debtor's exemptions and the burden of the trustee to raise objections, in the absence of which the property claimed as exempt shall be exempt. Moreover, the date from which the debtor is required to respond to the trustee's objection runs from a known date, the date of the first meeting of creditors, and not from the date that the objection is filed. As a result, FRBP 4003 no longer requires the trustee to "forthwith mail or deliver copies of the trustee's report to the debtor" and simply requires that copies of the objection shall be delivered or mailed to the debtor and the debtor's attorney. Here, the trustee argues that the changes in the form and language of the rule indicate that his obligation to deliver or mail a copy of his objection to the debtors and the debtors' attorney is less time sensitive.

The trustee also observes that our bankruptcy district utilizes electronic filing. Therefore, he argues that the debtors' attorney either received, or could have received, electronic notice that the trustee had filed an objection to the debtors' claimed exemptions. A diligent debtor's attorney, the trustee argues, should have been motivated by this electronic notice to investigate the trustee's objection to the debtors' claimed exemptions. The problem with this contention is that FRBP 4003 specifically requires notification to the debtor and the debtor's attorney by delivery or mail. The rule does not provide for electronic notification.

There are a number of other possible answers to this legal question. The court could adopt a rule that requires the trustee to deliver or mail a copy of the trustee's objection within a reasonable period of time. The benefit of such a rule is its flexibility—the court would have the discretion to look at the circumstances of each case and decide each case based upon those circumstances. The problem with such a rule is that the rule lacks certainty. As a general rule, strict and specific guidelines for the filing and delivery of documents work best. Documents that must be filed and delivered within a specific time limit are generally filed and delivered within that time limit.

Alternatively, the court could adopt a bright line rule that the objection must be delivered or

MEMORANDUM DECISION - 2

mailed to the appropriate parties within the same 30-day period as the requirement for filing, i.e., the objection must be filed and delivered or mailed within the 30-day period. In the court's opinion, this rule has much to recommend it. The rule is clear and the court believes the drafters of FRBP 4003 assumed that the trustee's objection would be mailed or delivered at the same time that it was filed. Accordingly, the drafters failed to apprehend the need to delineate a time limit.

If you think about it, why would a trustee file an objection and not mail or deliver it to the debtors and the debtors' attorney? The court cannot think of a good reason for what amounts to a secret or undisclosed objection to a claim of exemptions. Conversely, the reasons for disclosing the objection are immediately evident. A strict construction of the 30-day time limit for delivering or mailing an objection to the appropriate parties would provide finality for the parties with respect to the property claimed as exempt—the same reason for the rule requiring that the objection be filed within the 30-day period. And, a rule allowing transmittal of the objection outside the 30-day period could effectively undermine the strict requirement found in FRBP 4003(b) that the trustee's objection must be filed within the 30-day time limit.

Case law addressing the issue before the court is limited. As far as the court can determine, there are two cases, both written by the same judge. The cases are In re Kjerstad, 56 B.R. 260 (Bankr. D. S.D. 1984) and In re Hilmoe, 56 B.R. 262 (Bankr. D. S.D. 1985). In Kjerstad, the trustee timely filed an objection to the debtor's claimed exempt property but failed to serve a copy of the objection on the debtor and the debtor's counsel for more than 2 months thereafter. The court disallowed the trustee's objection, ruling that former bankruptcy rule 403(b) required the trustee to deliver or mail his objection within the initial 15-day period. The court reasoned that its holding was compelled by both the policy behind the rule and its actual language. The court identified finality as the policy behind the rule—the parties to the bankruptcy required a quick determination as to the scope and identity of exempt property. Also, the court focused on the rule's use of the word "forthwith," which the court held obligated the trustee immediately to mail or deliver a copy of the objection to the debtor and the debtor's attorney.

One year later, the same court addressed the same issue on similar facts but with a new

MEMORANDUM DECISION - 3

bankruptcy rule – FRBP 4003. In Hilmoe, the trustee timely objected to the debtor's exemptions but failed to comply with the rule that required that a copy of the trustee's objection would be delivered or mailed to the debtor and the debtor's attorney. Applying FRBP 4003(a), the court ruled that the trustee must file and deliver or mail copies of the objection to claimed exemptions within 30 days of the meeting of creditors. The court explained "[t]he Trustee's failure to promptly serve the debtor and his attorney derogates the requirements of the Rules and undermines the purpose of limiting the time when an objection may be made. Requiring parties in interest to file and serve objections to claimed exemptions within thirty (30) days of the meeting of creditors or any amendments to the list of exemptions allows the debtor to seek a prompt determination of his right to exemptions, and, consequently, furthers the 'fresh start' policy behind the Code." Hilmoe, 56 B.R. at 263. In Hilmoe, the court relied more upon the policy of finality and less upon the language of the court rule.

Issues concerning FRBP 4003 have arisen in two other contexts. In Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280 (1992), the Supreme Court considered what happens if a trustee fails to object to a debtor's claim of exemptions within the 30-day period. The court held that a trustee cannot contest the validity of a claimed exemption after the 30-day period had expired, even if the debtor has no colorable basis for claiming the exemption. This case provides support for the strict construction of FRBP 4003, based upon the policy of finality for the parties with respect to the property claimed as exempt.

There is also a line of cases that address the issue as to whether a court could extend the 30-day period for filing an objection to an exemption, if the court failed to rule on a timely motion to extend before the expiration of the period. The courts generally said "no"– adopting a bright line rule that the court must act within the 30-day period. In re Laurain, 113 F.3d 595 (6th Cir. 1997); In re Stoulig, 45 F.3d 957 (5th Cir. 1995). In response to Stoulig and Laurain, FRBP 4003(b) was amended to permit the court to grant a timely request for an extension, even if the court fails to rule before the expiration of the 30-day period. Significantly, the amended rule continues to require a timely objection, i.e., an objection filed within the 30-day

MEMORANDUM DECISION - 4

period. Again, we see the courts adhering to a strict construction of the rule based upon the policy of finality.

Based upon this authority, the court holds that the trustee's objection to the debtors' claim of exemptions must be delivered or mailed to the debtors and the debtors' attorney within the same 30-day period as the requirement for filing. In this case, the facts regarding the date of the first meeting of creditors and the date when the trustee's objection was delivered or mailed to the debtors and the debtors' attorney are undisputed. The trustee's objection was not delivered or mailed to the appropriate parties within the 30-day period. Accordingly, the trustee's objection to the debtors' claim of exemptions is dismissed. Under the holding in Taylor, the trustee is barred from contesting the validity of the claimed exemptions.

DATED this 10th day of July, 2006.

FRANK L. KURTZ
Bankruptcy Judge